OPINION
This is a direct appeal from the judgment of the Court of Common Pleas, Logan County classifying the defendant-appellant David Arter as a sexual predator and sentencing him to three years and ten months in prison for one count of sexual battery and one count of attempted gross sexual imposition.
The record presents the following facts. On June 16, 2000 police were called to investigate a student's allegations of sexual abuse at the Sycamore House, a youth living facility belonging to the Adriel School. The Adriel School is a non-profit treatment center serving children and their families who are experiencing a range of adjustment and emotional problems. The school offers various services for children including a residential program where students live at the school while attending class and receiving counseling.
When police arrived at the Sycamore House, a fifteen-year-old resident-student told police that defendant-appellant David Arter (Arter), who was employed at Adriel as a teaching house parent, had drugged him and then made sexual advances on him before he was able to break away and run for help.
During the course of the investigation, the police were led to another fifteen-year-old male student of Adriel who claimed that Arter had been sexually assaulting him on a weekly basis for quite some time. This student told police that Arter gave him something that made him dizzy. Both students told police that Arter threatened them with incarceration or expulsion if they told anyone about the sexual advances.
On October 9, 2000, Arter was indicted by the Logan County Grand Jury and charged with one count of Rape, a violation of R.C. 2907.02(A)(2), one count of Gross Sexual Imposition, a violation of R.C. 2907.05(A)(1) and one count of Attempted Gross Sexual Imposition, a violation of 2907.05(A)(1).
On April 27, 2001 Arter entered pleas of guilty to an amended count of Sexual Battery, a violation of R.C. 2907.03(A)(5) and the charge of attempted gross sexual imposition. The trial court held a hearing in accordance with R.C. 2950.09 in order to determine whether Arter should be classified as a sexual predator. In a judgment entry dated July 9, 2001 the trial court found Arter to be a sexual predator and sentenced him to three years incarceration on the charge of sexual battery and ten months for the charge of attempted gross sexual imposition, the sentence to be served consecutively.
Arter now appeals the decision of the trial court adjudicating him to be a sexual predator pursuant to the provisions of R.C. Chapter 2950.
The appellant raises the following assignment of error:
 The trial court erred in finding the appellant to be a sexual predator pursuant to Ohio Revised Code § 2950.09.
 In support of his sole assignment of error the defendant-appellant argues that the trial court failed to find by clear and convincing evidence that he would offend again. According to Arter, the trial court erred since it did not find that a preponderance of the statutory criteria for determining recidivism enumerated in 2950.09 had been met. We disagree.
R.C. 2950.01(E) defines sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
The possibility of recidivism is the key factor to an analysis of whether or not a sexual offender will be classified as a sexual predator. The very purpose of the sexual predator classification is to prevent recidivism. In State v. Eppinger (2000), 91 Ohio St.3d 158
the Ohio Supreme Court made the following observations:
 "The very first Megan's Law, N.J. Stat.Ann. 2C:7-1 et seq., was enacted in 1994 in New Jersey in response to the rape and murder of seven-year-old Megan Kanka. Today, all fifty states have enacted sex offender registration laws of varying types. In addition, in 1994, Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act. Although Ohio's version, R.C. Chapter 2950, does not differentiate between crimes against children and crimes against adults, recidivism among pedophile offenders is highest. Some studies have estimated the rate of recidivism as being as high as fifty-two percent for rapists and seventy-two percent for child molesters." Id at 160. (Citations Omitted)
 When making a determination as to whether a sexual offender is likely to offend again the trial court must look to R.C. 2950.09(B)(2) which states:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
 The factors of R.C. 2950.09(B)(2) give the trial court the flexibility necessary to determine whether an offender is a sexual predator on a case-by-case basis. Stave v. Murphy (Feb. 28, 2001), Wyandot App. No. 16-2000-15, unreported. According to R.C. 2950.09(B)(3), a trial court may consider the aforementioned factors along with all other testimony and evidence presented at the hearing and must determine by clear and convincing evidence that the offender is a sexual predator.
The standard of clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citingCross v. Ledford (1954), 161 Ohio St. 469. If a trial court's determination that a defendant is a sexual predator is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be not be disturbed by a reviewing court. See State v.Anderson (November 9, 1999), Auglaize App. No. 2-99-15, unreported.
In the case at bar Arter, a 39-year-old male, plead guilty to two counts of sexual offenses directed toward two troubled 15 year-old boys, over whom he had authority and control. There was further evidence before the trial court that Arter had committed other offenses of this nature toward young boys in the past and that he told a fellow inmate that he targeted his victims based on their vulnerability.
In terms of the nature of Arter's offenses, the record indicates he threatened his victims with physical harm by a tazer gun and then threatened them with incarceration. There is evidence in the record that Arter used drugs to subdue his victims, performed masturbation on them, and then forced them to perform that act on him. One of the victims alleged anal penetration. At the hearing to determine sexual offender status, the state read a letter written by one of the child victims, which telling the cruel tale of Arter's actions and demonstrating the damage done to the child's life.
Finally, and most compelling, Arter has shown no remorse for his actions and continues to deny any wrongdoing on his part. The trial court noted that because of his massive denial, Arter would not be amenable to the potential mitigating affects of a successful treatment program. We believe the record is replete with information that would tend to convince the trial court that Arter would offend again.
Arter would have this court find differently based on the fact that a forensic psychiatry report submitted as part of the pre-sentence investigation did not offer an opinion as to whether or not Arter would be likely to engage in sexually oriented offenses in the future. However, the law does not rely solely on psychiatric findings for a determination of recidivism. The court, through the hearing and the factors enumerated in R.C. 2950.09(B)(2) had other devices by which to measure the likelihood of recidivism.
Arter further submits that he had no prior criminal record and therefore is unlikely to re-offend. However, prior convictions are only one factor of many up for consideration. Based upon a thorough review of the record and consideration of all factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2)(a) through (j), we find that the trial court had sufficient evidence before it to satisfy the clear and convincing standard of proof required for its sexual predator finding.
Accordingly, the assignment of error is overruled and it is the order of this Court that the judgment of the Court of Common Pleas, Logan County be AFFIRMED.
WALTERS, P.J., and HADLEY, J., concur.